1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
7                           AT SEATTLE

8   SOLOMONA RICKY PATU,

9                        Plaintiff,          Case No. C15-721-JLR-JPD

10        v.

11  SHERYL ALLBERT, ARNP,                    REPORT AND RECOMMENDATION

12                       Defendant.

13

14          INTRODUCTION AND SUMMARY CONCLUSION

15          This is a civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Solomona

16  Ricky Patu alleges in his civil rights complaint that Sheryl Allbert, an Advanced Registered

17  Nurse Practitioner at the Monroe Correctional Complex, violated his rights under the Eighth

18  Amendment when she denied his request that he be prescribed Metamucil to treat his chronic

19  constipation.  Plaintiff seeks monetary damages.  Defendant Allbert now moves for summary

20  judgment.  Plaintiff has filed no response to defendant's motion.[1]  The Court, having reviewed

21

22          [1]  On January 6, 2016, the Court received a letter from plaintiff which references the instant case and a
    previously dismissed case, *Patu v. Hutchins*, C15-720-BJR, but the letter does not directly address the arguments
23  made by defendant Allbert in her pending summary judgment motion.  (*See* Dkt. 31.)  The record reflects that

REPORT AND RECOMMENDATION
PAGE - 1

1   defendant Allbert's motion for summary judgment, and the balance of the record, concludes that

2   defendant's motion should be granted and that plaintiff's complaint and this action should be

3   dismissed with prejudice.

4                                                       FACTS

5          Plaintiff Solomona Ricky Patu is a Washington prisoner who is currently confined at the

6   Washington State Penitentiary in Walla Walla, Washington.  The claim asserted in this action

7   arose in February 2014 while plaintiff was confined at the Monroe Correctional Complex

8   (MCC).  Plaintiff has been housed at MCC on various occasions while in Washington

9   Department of Corrections (DOC) custody.  (*See* Dkt. 29, Ex. 1 at 2.)  He was most recently

10  housed at MCC from May 18, 2011 until October 26, 2015.  (*See id*.)

11         Defendant Sheryl Allbert, ARNP, was plaintiff's primary health care provider during his

12  period of confinement at MCC.  (*See id*.)  According to ARNP Allbert, one of plaintiff's primary

13  medical complaints during his time in DOC custody has been self-diagnosed chronic

14  constipation.  (*See id*.)  Plaintiff has been seen regularly by medical professionals in response to

15  such complaints and DOC medical professionals have prescribed numerous medications in an

16  effort to treat the condition including Psyllium (Metamucil), Calcium Polycarbophil (Fibercon),

17  Magnesium Hydroxide (Milk of Magnesia), Senna (X-Prep), Polyethylene Glycol (Miralax), and

18  Docusate Sodium (Colace).  (*Id*.)  In addition, plaintiff has been counseled on how to address his

19  condition through diet and physical activity.  (*Id*.)

20         Plaintiff's complaints of constipation have also been monitored through numerous

21  physical examinations and medical tests including abdominal x-rays, colonoscopy, endoscopy,

22  defendant did serve a *Rand* notice on plaintiff concurrently with her motion for summary judgment and, thus,
23  plaintiff was made aware of the requirements for opposing a summary judgment motion.  (*See* Dkt 30.)

REPORT AND RECOMMENDATION
PAGE - 2

and a CT scan.  (Dkt. 29, Ex. 1 at 3.)  None of the examinations or tests performed on plaintiff over the years have ever revealed any significant abnormalities in plaintiff's abdomen and ARNP Allbert has never been able to conclude with certainty that plaintiff is, in fact, constipated.  (*See id.*, Ex. 1 at 3-4 and Attachments A, B, C, D, E, N and O.)  Plaintiff has nonetheless been provided medical care and treatment for his self-described chronic constipation.  (*Id.*, Ex. 1 at 4.)

Plaintiff's specific claim in this action is that on February 20, 2014, ARNP Allbert denied a request by plaintiff to receive Metamucil.  (Dkt. 8 at 3.)  According to ARNP Allbert, in the months surrounding February 2014, DOC medical providers consulted regularly with plaintiff regarding the effectiveness of various medications prescribed for his reported constipation and adjusted the treatment plan as necessary.  (Dkt. 29, Ex. 1 at 4-5.)  On November 25, 2013, ARNP Allbert renewed plaintiff's laxative prescriptions, prescribing both Docusate Sodium (Colace), a stool softener, and Psyllium (Metamucil), a bulk-forming laxative.  (*See id.*, Ex. 1 at 4 and Attachment F.)  ARNP Allbert thereafter learned from an MCC pharmacist that Metamucil was no longer a formulary medication and that plaintiff would therefore need to fail the formulary before he would be allowed to receive Metamucil.  (*See id.*)  ARNP Allbert therefore changed plaintiff's prescription from Metamucil to Fibercon, and she also prescribed Senna, a laxative. (*See id.*)  ARNP Allbert explains that Metamucil and Fibercon are both bulk-forming laxatives consisting only of fiber, and that they are so similar they are considered therapeutic alternatives with a comparable therapeutic effect.  (*Id.*, Ex. 1 at 4.)

On December 20, 2013, ARNP Allbert saw plaintiff again in response to a complaint of constipation.  (*See id.* and Attachment G.)  Plaintiff reported at that appointment that he was having only three bowel movements per week.  (*See id.*, Ex. 1 at 4 and Attachment G.)   ARNP

REPORT AND RECOMMENDATION
PAGE - 3

1  Allbert states that though this was within the range of what is considered normal, she nonetheless

2  reminded plaintiff that he could request Milk of Magnesia at the pill line twice a day as he had a

3  long standing prescription for this medication which was available to him on an "as needed"

4  basis.  (*See* Dkt. 29, Ex. 1 at 4 and Attachment G.)  ARNP Allbert saw plaintiff again on

5  December 26, 2013, at which time plaintiff reported that he was having only two or three bowel

6  movements per week.  (*See id*, Ex.1 at 4 and Attachment G.)  At that time, ARNP Allbert

7  prescribed plaintiff Miralax, a laxative.  (*See id*.)

8         Plaintiff continued to complain of constipation in January 2014.  ARNP Allbert saw

9  plaintiff on January 15, 2014 in response to such a complaint and at that time she increased his

10  dosage of Miralax in an effort resolve his issues.  (*See id*., Ex. 1 at 4-5 and Attachment H.)

11  Plaintiff, however, continued to submit kites specifically requesting Metamucil.  (*See id*., Ex. 1 at

12  5 and Attachment I.)  Plaintiff was advised that Metamucil was no longer on the formulary and

13  he was encouraged by the medical staff to use the alternative laxatives available to him.  (*See id*.)

14         Plaintiff was seen a number of times for bowel issues in February 2014.  On February 9,

15  2014, plaintiff's stool was tested for blood and the test came back negative.  (*Id*., Ex. 1 at 5 and

16  Attachment J.)  On February 15, 2014, plaintiff complained of diarrhea and reported that he was

17  refusing Miralax and was not taking any fiber.  (*Id*., Ex. 1 at 5 and Attachment K.)  Plaintiff was

18  apparently advised to refuse laxatives for the next 24 hours to see if the symptoms would abate.

19  (*See id*., Ex. 1, Attachment K.)  On February 21, 2014, plaintiff complained of bloating and

20  abdominal pain and continuing diarrhea.  (*See id*.)  At that time, plaintiff was apparently taking

21  four different medications to reduce constipation.  (*See id*.)  Plaintiff's prescription for Milk of

22

23

REPORT AND RECOMMENDATION
PAGE - 4

Magnesia was discontinued in response to his complaints of continuing diarrhea.  (*See* Dkt. 29, Ex. 1 at 5 and Attachment K.)

On March 9, 2014, plaintiff submitted yet another kite requesting Metamucil.  (Dkt. 8 at 7.)  He was seen by a medical provider on March 12, 2014 at which time he reported feeling light headed and nauseous.  (Dkt. 29, Ex. 1, Attachment L.)  Plaintiff again requested Metamucil and that request was denied.  (*Id*.)  Plaintiff then apparently advised the medical provider that his constipation had resolved.  (*See id*.)  ARNP Allbert saw plaintiff again on March 26, 2014 for renewed complaints of constipation.  (*See id*., Ex. 1 at 5 and Attachment M.)  At that time, ARNP Allbert prescribed Metamucil for plaintiff because plaintiff had tried and failed other medications.  (*Id*.)  Despite having his Metamucil prescription reinstated, plaintiff has continued to complain of constipation and DOC medical providers have continued to consult with plaintiff and to monitor his condition.  (*See id*., Ex. 1 at 6-7 and Attachments N and O.)

DISCUSSION

Summary Judgment Standard

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine dispute as to any material fact" such that "the movant is entitled to judgment as a matter of law."  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Material facts are facts which might affect the outcome of the pending action under governing law.  *See Anderson*, 477 U.S. at 248.  Genuine disputes are those for which the evidence is such that "a reasonable jury could return a verdict for the nonmoving party."  *Id*.

REPORT AND RECOMMENDATION
PAGE - 5

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case. *See* Fed. R. Civ. P. 56(e). A mere scintilla of evidence is insufficient to create a factual dispute. *See Anderson*, 477 U.S. at 252. In ruling on a motion for summary judgment, the court may not weigh the evidence or make credibility determinations. *Id*. at 248.

Section 1983 Standard

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

Eighth Amendment Claim

Plaintiff alleges in his complaint that on February 20, 2014, defendant ARNP Allbert denied his request that he be prescribed Metamucil to treat his chronic constipation which caused him to experience bloating, severe constipation, and loss of appetite. (*See* Dkt. 8 at 3.) Plaintiff contends that ARNP Allbert's conduct violated his rights under the Eighth Amendment. (*See id*.) In order to establish an Eighth Amendment violation, a prisoner must satisfy a two-part test

REPORT AND RECOMMENDATION
PAGE - 6

containing both an objective and a subjective component.  The Eighth Amendment standard requires proof that (1) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation; and (2) the prison official acted with a sufficiently culpable state of mind.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The objective component of an Eighth Amendment claim is "contextual and responsive to 'contemporary standards of decency.'"  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  The state of mind requirement under the subjective component of the Eighth Amendment standard has been defined as "deliberate indifference" to an inmate's health or safety.  *Farmer*, 511 U.S. at 834.  Under the "deliberate indifference" standard, a prison official cannot be found liable for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.  *Id*. at 837.

The Ninth Circuit has explained that "[p]rison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment."  *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (internal quotation marks omitted).  "[A] serious medical need is present whenever the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).

It is well established that a mere difference of opinion concerning proper medical care is not sufficient to establish deliberate indifference.  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)).  In order to prevail on an Eighth Amendment claim which involves choices between alternative courses of treatment, a

REPORT AND RECOMMENDATION
PAGE - 7

1    plaintiff must show "that the course of treatment the doctors chose was medically unacceptable

2    under the circumstances . . . and . . . that they chose this course in conscious disregard of an

3    excessive risk to plaintiff's health."  *Jackson*, 90 F.3d at 332 (citations omitted).

4        Defendant argues that plaintiff's Eighth Amendment claim based on the denial of

5    Metamucil should be dismissed because plaintiff's self-diagnosed chronic constipation is not

6    sufficiently serious to implicate federal constitutional concerns and because the treatment

7    provided plaintiff for that condition was medically appropriate.

8        The Court first notes that there is no evidence whatsoever that plaintiff requested, and

9    was denied, Metamucil on the date alleged in the complaint.  Plaintiff's precise claim therefore

10   fails for lack of evidence.  However, even viewing plaintiff's claim more broadly, he fails to

11   establish any violation of his Eighth Amendment rights.  Despite his complaints of chronic

12   constipation, plaintiff's own statements to medical providers regarding the frequency of his

13   bowel movements demonstrate that the functioning of his bowels has been within the normal

14   range and the objective medical evidence reveals no significant abnormalities in plaintiff's

15   abdomen which would support a diagnosis of chronic constipation.  The Court concurs with

16   defendant that plaintiff has failed to demonstrate that his alleged chronic constipation constitutes

17   a serious medical need.

18       The Court also concurs that plaintiff has failed to demonstrate that ARNP Allbert was

19   deliberately indifferent to his complaints of chronic constipation.  The evidence in the record

20   before this Court, which plaintiff has not rebutted in any meaningful way, demonstrates that

21   DOC medical providers, including ARNP Allbert, consulted with plaintiff on numerous

22   occasions regarding his complaints of bowel issues and prescribed various medications to aid

23

REPORT AND RECOMMENDATION
PAGE - 8

with his reported problems.  Plaintiff also received a number of medical tests relevant to his complaints, all of which showed normal bowels.  The fact that plaintiff was not immediately provided his preferred medication for the treatment of his self-reported chronic constipation is simply not sufficient to establish deliberate indifference.  The record demonstrates that ARNP Allbert was constrained by the formulary and that once plaintiff met the requirements for a medication outside the formulary, that medication was provided.

Based on the foregoing, this Court concludes that plaintiff has not established any violation of his Eighth Amendment rights and that ARNP Allbert is therefore entitled to summary judgment in this matter.  Defendant also requests in her motion for summary judgment that the Court make a finding that this action is frivolous and assess a strike under 28 U.S.C. § 1915(g).  (*See* Dkt. 29 at 10.)  However, a review of this Court's records reveals that plaintiff has had at least three prior cases dismissed as frivolous or for failure to state a claim upon which relief may be granted.  Plaintiff has thus accumulated a sufficient number of strikes under § 1915(g) to preclude him from proceeding with any future action without prepayment of the full filing fee unless he is able to demonstrate that he is "under imminent danger of serious physical injury."  *See* 28 U.S.C. § 1915(g).  The finding requested by defendant would have no practical effect on plaintiff's ability to pursue future lawsuits while he is incarcerated and, thus, this Court concludes that the request is effectively moot.

## CONCLUSION

Based on the foregoing, this Court recommends that defendant Allbert's motion for summary judgment be granted, and that plaintiff's complaint and this action be dismissed with prejudice.  A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION
PAGE - 9

1      Objections to this Report and Recommendation, if any, should be filed with the Clerk and

2   served upon all parties to this suit by no later than **March 29, 2016**.  Failure to file objections

3   within the specified time may affect your right to appeal.  Objections should be noted for

4   consideration on the District Judge's motion calendar for the third Friday after they are filed.

5   Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no

6   timely objections are filed, the matter will be ready for consideration by the District Judge on

7   **April 1, 2016.**

8      This Report and Recommendation is not an appealable order.  Thus, a notice of appeal

9   seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

10  assigned District Judge acts on this Report and Recommendation.

11     DATED this 8th day of March, 2016.

12

13  _James P. Donohue_
    _____

14  JAMES P. DONOHUE
    Chief United States Magistrate Judge

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION
PAGE - 10