|     |     |     |
| --- | --- | --- |
| 1   |     |     |
| 2   |     |     |
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOLOMONA RICKY PATU,<br><br>Plaintiff,<br><br>v.<br><br>SHERYL ALBERT,<br><br>Defendant. | CASE NO. C15-0721JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is *pro se* Plaintiff Solomona Ricky Patu's motion to reopen his case. (Mot. (Dkt. # 38).) Defendant Sheryl Albert, ARNP, opposes Mr. Patu's motion. (Resp. (Dkt. # 40).) For the reasons stated below, the court denies Mr. Patu's motion.

## II. BACKGROUND

Mr. Patu filed a complaint asserting a cause of action under 42 U.S.C. § 1983. (Compl. (Dkt. # 8).) Specifically, Mr. Patu alleged that Ms. Albert, who was Mr. Patu's primary health care provider during Mr. Patu's period of confinement at the Monroe

Correctional Complex ("MCC"), violated Mr. Patu's Eighth Amendment rights when she denied his request for Metamucil to treat his chronic constipation. (*See generally id.*)

On March 8, 2016, Magistrate Judge James P. Donohue issued a report and recommendation concluding that Ms. Albert's motion for summary judgment (MSJ (Dkt. # 29)) should be granted and Mr. Patu's complaint should be dismissed with prejudice (R&R (Dkt. # 32)). In so concluding, Magistrate Judge Donohue correctly noted that the Eighth Amendment standard requires proof that (1) the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation, and (2) the prison official acted with a sufficiently culpable state of mind. (*Id.* at 7 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).) The state of mind requirement under the second subjective component of the Eighth Amendment standard requires "deliberate indifference" on the part of the prison official to the inmate's health or safety. (*Id.* (citing *Farmer*, 511 U.S. at 834).) Judge Donohue also explained that "[p]rison officials are deliberately indifferent to a prisoner's medical needs when they deny, delay, or intentionally interfere with medical treatment." (*Id.* (quoting *Hallet v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002)).)

First, Magistrate Judge Donohue noted that there was no evidence to substantiate Mr. Patu's claim that he had requested or was denied Metamucil on the date alleged in his complaint. (*Id.* at 8.) Next, Magistrate Judge Donohue concluded that Mr. Patu's own statements demonstrated that the functioning of his bowels was within the normal range and objective medical evidence revealed no significant abnormalities that would support a diagnosis of chronic constipation. (*Id.*) Thus, Mr. Patu failed to demonstrate

that his alleged chronic constipation constituted a serious medical need. (*Id.*) Finally, Magistrate Judge Donohue concluded that Mr. Patu failed to establish that Ms. Albert was deliberately indifferent to Mr. Patu's complaints of chronic constipation. (*Id.* at 8-9.)

Mr. Patu failed to file an objection to Magistrate Judge Donohue's report and recommendation. (*See generally* Dkt.) Accordingly, on April 4, 2016, the court adopted Magistrate Judge Donohue's report and recommendation, granted Ms. Albert's motion for summary judgment, dismissed Mr. Patu's complaint with prejudice, and entered judgment in Ms. Albert's favor. (Ord. Adopting R&R (Dkt. # 36); Judgment (Dkt. # 37).) Mr. Patu did not appeal the court's order or judgment. (*See generally* Dkt.)

On June 6, 2017, more than a year after the court entered judgment in Ms. Albert's favor, Mr. Patu filed a motion to reopen his case. (Mot.) In his motion, Mr. Patu states that he is still experiencing chronic constipation, Ms. Albert is not answering his medical requests, and other prison nurses are forgetting to give him Metamucil. (*Id.* at 1.) The court liberally construes Mr. Patu's motion as a motion for reconsideration or to vacate the judgment.[1] The court now considers Mr. Patu's motion.

### III. ANALYSIS

**A. Motion for Reconsideration**

Pursuant to Local Civil Rule 7(h)(2), a motion for reconsideration "shall be filed within fourteen days after the order to which it relates is filed." Local Rules W.D. Wash. LCR 7(h)(2). Because Mr. Patu's motion was filed more than a year after the order to

---

[1] "Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

which it relates, Mr. Patu's motion is untimely under the court's Local Rules. The court denies the motion on this ground.

Even if Mr. Patu's motion had been timely, however, Mr. Patu does not make any of the required showings to warrant reconsideration of the court's April 4, 2016, order or judgment. "Motions for reconsideration are disfavored," and the court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). Mr. Patu's motion does not address—let alone show—manifest error in the court's prior ruling or new facts or legal authority that could not have been raised earlier. (*See generally* Mot.) Indeed, Mr. Patu's motion simply rehashes his previous claim. (*See id.*) Accordingly, the court denies Mr. Patu's motion for reconsideration.

**B. Motion to Vacate**

The court could also liberally construe Mr. Patu's motion as one to vacate the judgment under either Federal Rule of Civil Procedure 59(e) or 60(b). Rule 59(e) provides that a court may alter or amend a judgment. Fed. R. Civ. P. 59(e). Absent "other, highly unusual, circumstances," reconsideration pursuant to Rule 59(e) is appropriate only where (1) the court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for six reasons: (1) mistake, inadvertence,

surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct by the opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

Motions under Rule 60 must be brought "within a reasonable time," except for motions under reasons (1), (2), and (3), above, which must be brought "no more than one year after entry of the judgment or order or date of the proceeding." Fed. R. Civ. P. 60(c)(1). In addition, motions under Rule 59(e) must be brought within 28 days following entry of judgment. Fed. R. Civ. P. 59(e). Mr. Patu's motion, which was brought more than one year following the court's entry of judgment, is untimely with respect to these provisions. To the extent Mr. Patu's motion can be liberally construed to be brought under any of these provisions, the court denies his motion as untimely.

Even if Mr. Patu's motion were timely, he fails to identify a basis under either Rule 59(e) or Rule 60 for reconsidering the court's order or vacating the judgment. As discussed above, Mr. Patu merely reiterates facts previously before the court or provides irrelevant or insufficient reasons for reopening his case. (*See generally* Mot.) The court therefore denies Mr. Patu's request to reopen this matter.

//

//

//

//

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Patu's motion to reopen his case (Dkt. # 38).

Dated this 26th day of June, 2017.

JAMES L. ROBART
United States District Judge